IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID GEE,
      Plaintiff, : 3:14-cv-1184
:
v. : (Judge Mariani)
:
MARY SABOL, et al., :
      Defendants. :

## MEMORANDUM

On June 19, 2014, Plaintiff, David Gee, an inmate currently confined at the York County Prison, in York, Pennsylvania, initiated the above-captioned action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff alleges, *inter alia*, that Defendants violated his constitutional rights by failing to provide him with Kosher meals. (*Id.*). Presently before the Court is Plaintiff's motion for a temporary restraining order, wherein he requests that the Court enter an order directing the York County Prison to serve him Kosher meals. (Doc. 7). For the reasons set forth below, the motion will be denied.

### I. Background

The complaint identifies the Defendants and their job descriptions as follows: Mary Sabol, Warden of the York County Prison; Doll, Deputy Warden of Treatment at the York County Prison; Steve Choristers, head of the Solicitor's office of the York County Prison; Chaplin Bupp, head of the Chaplin's office and religious activities; Patricia Bennett, medical staff at the York County Prison; Trostle, an officer at the York County Prison; Abenshon,

supervisor at the York County Prison and a member of the religious committee; the York County Prison Religious Committee; the York County Solicitor's Office; Michael W. Flannelly, Solicitor; Donald L. Reihart, Assistant Solicitor; and, Christopher B. Reilly, Commissioner. (Doc. 1).

Plaintiff alleges that when he entered the York County Prison, he indicated that he was of the Jewish faith. (Doc. 1, ¶¶ 13, 14). He alleges that despite identifying himself as a member of the Jewish faith, he did not receive Kosher meals. (Doc. 1, ¶ 16).

On January 20, 2014, Plaintiff filed a grievance relating to the denial of Kosher meals. (Doc. 1, ¶ 17).

On January 23, 2014, Plaintiff wrote to the Chaplain's office inquiring as to why he was not receiving Kosher meals, and was informed that it was because he is on a medical diet. (Doc. 1, ¶¶ 18, 19).

Plaintiff subsequently spoke to Defendant Nurse Bennett about not receiving Kosher meals and she informed Plaintiff that he would not be switched to Kosher meals because he stated on several occasions that he was Muslim and/or did not have a faith. (Doc. 1, ¶ 22).

On March 25, 2014, Defendant Doll responded to Plaintiff's grievance and stated he was not receiving Kosher meals because of his prior statements that he was of the Islamic faith and/or had no faith and, regardless, not all members of the Jewish faith follow a strict Kosher diet. (Doc. 1, ¶¶ 23, 24).

2

Based on the above allegations, Plaintiff claims that the Defendants violated his rights under the First and Fourteenth Amendments.

## II.     Preliminary Injunction Rule 65 - Legal Standard

Inmate *pro se* pleadings which seek emergency relief in the form of preliminary injunctions are governed by Rule 65 of the Federal Rules of Civil Procedure. A preliminary injunction is an "extraordinary remedy" that should issue only in limited circumstances. *Rawls v. Pa. Dep't of Corr.*, 334 Fed. Appx. 462, 464 (3d Cir. 2009). In determining whether to grant a motion seeking preliminary injunctive relief, courts in the Third Circuit consider the following four factors: (1) the likelihood that the movant will prevail on the merits; (2) the extent to which the movant is being irreparably harmed by the challenged conduct; (3) the extent to which the non-moving party will suffer irreparable harm if the preliminary injunction is issued; and (4) whether granting preliminary injunctive relief will be in the public interest. *S & R Corp. v. Jiffy Lube Int'l, Inc.*, 968 F.2d 371, 374 (3d Cir. 1992) (citing *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 197-98 (3d Cir. 1990)); *Chimenti v. Kimber*, 2009 WL 2957792, *1 (M.D. Pa. 2009) (Vanaskie, J.). If the record does not at least support a finding of both irreparable injury and a likelihood of success on the merits, then preliminary injunctive relief cannot be granted. *Marxe v. Jackson*, 833 F.2d 1121 (3d Cir. 1987); *Spotts v. United States*, 2013 WL 753520, *3 (M.D. Pa. 2013) (Carlson, M.J.), *adopted by*, 2013 WL 753799 (M.D. Pa. 2013) (Kosik, J.). The moving party bears the burden of

demonstrating these factors. *Chimenti*, 2009 WL 2957792, at *1 (citing *Dorfman v. Moorhous*, 1993 WL 483166, *1 (E.D. Pa. 1993)).

"Perhaps the most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted, the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered." *McLaughlin v. Fultz*, 2008 WL 239557, *4 (M.D. Pa. 2008) (Kosik, J.). Speculative injury does not constitute a showing of irreparable harm. *Continental Group, Inc. v. Amoco Chemicals Corp.*, 614 F.2d 351, 359 (3d Cir. 1980); *Azzara v. Scism*, 2012 WL 722342, *10 (M.D. Pa. 2012) (Nealon, J.). The Third Circuit Court of Appeals has defined irreparable injury as "potential harm which cannot be redressed by a legal or an equitable remedy following a trial." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989); *Azzara*, 2012 WL 722342, at *9-10. A court may not grant preliminary injunctive relief unless "[t]he preliminary injunction [is] the only way of protecting the plaintiff from harm." *Instant Air Freight Co.*, 882 F.2d at 801.

## III. Discussion

As stated, Plaintiff filed a motion for a temporary restraining order requesting that the Court enter an order directing the York County Prison to serve him Kosher meals. (Doc. 7). Plaintiff claims that he is suffering irreparable harm by being served, and consuming, non-Kosher food. (*Id.*). For the reasons set forth below, Plaintiff is not entitled to an injunction requesting such relief.

1. *Plaintiff Failed to Show the Likelihood of Success on the Merits*

Plaintiff has the burden to set forth a constitutional claim against prison officials relating to the denial of his request for Kosher meals. Under the First Amendment's Free Exercise Clause, an inmate has a right to a special diet for religious reasons. The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof ..." U.S. Const. Amend. I. It is undisputed that prisoners do not entirely forfeit all constitutional guarantees by reason of their conviction and confinement. *Bell v. Wolfish*, 441 U.S. 520, 545 (1979); *Johnson v. Derose*, 2007 WL 1074507, *12 (M.D. Pa. 2007) (Conaboy, J.). Prisoners, as is well recognized, must be afforded "reasonable op[p]ortunities" to exercise their religious freedom guaranteed by the First Amendment. *Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972); *Garraway v. Lappin*, 2012 WL 959422, *6 (M.D. Pa. 2012) (Nealon, J.).

However, imprisonment necessarily results in restrictions on some constitutional rights, including the First Amendment's right to the free exercise of religion. *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989); *O'Lone v. Shabazz*, 482 U.S. 342, 348-49 (1987); *Wilson v. Wetzel*, 2013 WL 4812497, *7 (M.D. Pa. 2013) (Conaboy, J.). Further, "prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell*, 441 U.S. at 547-48;

*Johnson*, 2007 WL 1074507, at *12.

In order to establish that the denial of Kosher meals violates the Free Exercise Clause, Plaintiff must show that the prison officials' decision contravenes his sincere religious beliefs and that the denial is not "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987); *Cooper v. Tard*, 855 F.2d 125, 129 (3d Cir. 1988); *Wilson*, 2013 WL 4812497, *9. To determine whether a prison official's decision to deny Kosher meals is reasonably related to a legitimate penological interest, the Court considers: (1) whether there is a valid, rational connection between the regulation and the penological interest asserted; (2) whether an inmate has alternative means of exercising his rights; (3) what impact accommodation of the right will have on guards, other inmates, and the allocation of prison resources generally; and (4) whether alternative methods for accommodation exist at *de minimis* cost to the penological interest asserted. *Turner*, 482 U.S. at 78-79, 89-91; *Wilson*, 2013 WL 4812497, *8.

To have a reasonable likelihood of success on the merits under the First Amendment, Plaintiff must establish the sincerity of his religious beliefs. At this juncture, and considering the evidence of record, Plaintiff has not established that he holds a sincere religious belief in the Jewish religion.

As stated above, Plaintiff alleges that upon intake to the York County Prison, he informed prison staff that he was Jewish. (Doc. 1, ¶¶ 13, 14). Although Plaintiff stated that

6

and finding that plaintiff did not establish the sincerity of his religious beliefs).

2. *Plaintiff Failed to Show Irreparable Harm*

Plaintiff has also failed to show an immediate irreparable harm justifying a preliminary injunction. *See Heath v. Whipple*, 2013 WL 6881764, *2 (W.D. Pa. 2013) ("[E]ven if Plaintiff could prove that he has not received all of his [Kosher] meals, this fact alone would not be sufficient to establish immediate irreparable harm"). The injunctive relief sought directly relates to the merits of some of the ultimate issues in this case and the Court will refrain from granting such relief at this time. *See Anderson v. Davila*, 125 F.3d 148, 156 (3d Cir. 1997) ("The purpose of a preliminary injunction is to preserve the status quo, not to decide the issues on their merits."). The ultimate issues will be decided by this Court, either upon consideration of Defendants' motions to dismiss, or at trial.

Additionally, in the complaint, Plaintiff also seeks damages and a declaration that the Defendants violated his constitutional rights. (Doc. 1, p. 4). When a plaintiff alleges that damages may be an adequate remedy, a preliminary injunction may not be appropriate because the inmate has not shown that he faces immediate, irreparable harm. *See Rivera v. Pennsylvania Dept. of Corrections*, 346 Fed. Appx. 749 (3d Cir. 2009); *Victor v. Lawler*, 2011 WL 1107013 (M.D. Pa. 2011) (Carlson, M.J.), *adopted by, Victor v. SCI Smithfield*, 2011 WL 1059614 (M.D. Pa. 2011) (Nealon, J.).

he is a member of the Jewish faith, he did not receive Kosher meals. (Doc. 1, ¶ 16). Plaintiff therefore filed a grievance relating to the denial of Kosher food. (Doc. 1, ¶ 17). The grievance was denied based on Plaintiff's statements during his prior incarceration that he was of the Islamic faith and/or had no faith, and that not all members of the Jewish faith follow a strict Kosher diet. (Doc. 1, ¶¶ 23, 24).

The prison Chaplin and Defendant Bennett also informed Plaintiff that he would not be provided Kosher meals because he stated on several occasions that he was Muslim and/or did not a faith and therefore would not be removed from his medical diet. (Doc. 1, ¶¶ 18, 19, 22).

It appears that Plaintiff contradicted his statements that he is Jewish. Although he stated on intake that he is Jewish, Plaintiff also stated on other occasions that he is Muslim and/or had no faith. In the complaint, Plaintiff acknowledges that the grievance related to not receiving Kosher food was denied due to his prior religious history. (Doc. 1, ¶ 20). These contradictory statements lead the Court to believe that Plaintiff may not hold a sincere religious belief in the Jewish religion.

Plaintiff has not established a reasonable likelihood of success on the merits under the First Amendment to constitute an award of preliminary injunctive relief. *See Chase v. City of Philadelphia*, 2011 WL 2713749 (E.D. Pa. 2011) (denying plaintiff's request for a temporary restraining order requesting that the court remedy the denial of Kosher meals

*3.    Balance of Harms and Public Interest*

As Plaintiff is unable to establish either a likelihood of success on the merits, or irreparable harm, it is unnecessary to evaluate the remaining factors. See *In re Arthur Treacher's Franchisee Litigation*, 689 F.2d 1137, 1143 (3d Cir. 1982); *Jones v. Wetzel*, 2013 WL 1899897 (M.D. Pa. 2013) (Blewitt, M.J.), *adopted by*, *Jones v. Taylor*, 2013 WL 1899852 (Munley, J.).

## IV.   Conclusion

Based on the foregoing, Plaintiff's request for a temporary restraining order will be denied as he has failed to meet his burden of showing either a likelihood of success on the merits or immediate irreparable injury. An appropriate order follows.

Date: January 21st, 2015

Robert D. Mariani
United States District Judge